**IN THE UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| MICHAEL EARLY,<br><br>Plaintiff,<br><br>v.<br><br>ULYSSES TOWNSHIP BOARD OF SUPERVISORS, RICHARD TOBIAS, RICHARD ERICKSON, MATTHEW SEELY, STEVEN TOY, and TM SEO SERVICES, LLC,<br><br>Defendants. | No. 4:26-CV-01148<br><br>(Chief Judge Brann) |

**MEMORANDUM OPINION & ORDER**

**SEPTEMBER 9, 2026**

## I. BACKGROUND

On May 29, 2026, I held a telephonic status conference at which I advised the parties that I had *sua sponte* determined that I lacked jurisdiction, and that this case would therefore be remanded to the Court of Common Pleas of Potter County, Pennsylvania. An Order to that effect explaining my reasoning was docketed on June 2, 2026.[1] Pursuant to 28 U.S.C. § 1447(c), I permitted Plaintiff to "file a motion for 'just costs and any actual expenses, including attorney fees, incurred as a result of removal,' supported by a brief of no more than ten (10) pages, within FOURTEEN (14) DAYS of the date of th[at] Order."[2]

---

1 Doc. 15 (Remand Order).

2 *Id.*

On June 16, 2026, Plaintiff timely filed his motion for costs and attorney fees.[3] But although he attached an affidavit from counsel supporting the fee request,[4] he neglected to include any primary documentation of the work performed.[5] Defendants pointed this deficiency out in their opposition,[6] and Plaintiff responded by filing an "Amended Motion for Fees and Costs" on June 24, 2026, which included a timekeeping table.[7] The parties then rebriefed the issues pursuant to the amended motion. The motions are now ripe for resolution. For the following reasons, they are denied in full.

## II. LEGAL STANDARD

Title 28 of the United States Code at Section 1447(c) authorizes courts to, upon remanding an improperly removed case back to state court, "require payment of just costs and any actual expenses, including attorney fees, incurred as a result of the removal."[8] A fee award is not mandatory under Section 1447(c); on the contrary, "the district court has discretion whether to order such payment."[9] Before exercising that discretion, however, a court generally must determine whether "the removing

---

[3] Doc. 16 (Fees Mot.)
[4] *See id.* at 9-12.
[5] *See id.* at 11 (stating that a report of fees would be included but including no such attachment).
[6] Doc. 19 (Fees Mot. Opp'n) at 12-15.
[7] Doc. 20 (Am. Fees Mot.); Doc. 20-1 (Am. Fees. Aff.) at 8-15.
[8] 28 U.S.C. § 1447(c).
[9] *Mints v. Educ. Testing Serv.*, 99 F.3d 1253, 1259 (3d Cir. 1996).

party ha[d] an objectively reasonable basis for removal," for, if it did, "absent unusual circumstances, attorney's fees should not be awarded."[10]

If there was no objectively reasonable basis for removal, the court may then consider the fee petition. To calculate the appropriate fee, courts in the Third Circuit use the "'lodestar' formula, which requires multiplying the number of hours reasonably expended by a reasonable hourly rate."[11] The party seeking fees "has the burden to prove that its request for attorney's fees is reasonable. To meet its burden, the fee petitioner must 'submit evidence supporting the hours worked and rates claimed.'"[12] The evidence must demonstrate that the hourly rate is near "the prevailing market rate[] in the relevant community," comparing "the experience and skill of the prevailing party's attorneys" to "the rates prevailing in the community for similar services by lawyers of reasonably comparable skill, experience, and reputation."[13] "The prevailing party bears the burden of establishing by way of satisfactory evidence, 'in addition to the attorney's own affidavits,' that the requested hourly rates meet this standard."[14]

---

10 *Martin v. Franklin Cap. Corp.*, 546 U.S. 132, 136 (2005).

11 *Loughner v. Univ. of Pittsburgh*, 260 F.3d 173, 177-78 (3d Cir. 2001) (citing *Hensley v. Eckerhart*, 461 U.S. 424 (1983)).

12 *Rode v. Dellarciprete*, 892 F.2d 1177, 1183 (3d Cir. 1990) (quoting *Hensley*, 461 U.S. at 433).

13 *Loughner*, 260 F.3d at 180 (citing *Blum v. Stenson*, 465 U.S. 886, 895 (1984) and *Rode*, 892 F.2d at 1183).

14 *Id.* (quoting *Washington v. Phila. Cnty. Ct. of Common Pleas*, 89 F.3d 1031, 1035 (3d Cir. 1996)) (internal alterations omitted); *Interfaith Cmty. Org. v. Honeywell Int'l, Inc.*, 426 F.3d 694, 708 (3d Cir. 2006) (quoting *Loughner*, 260 F.3d at 180).

After the party seeking fees files its petition, the adverse party "then has the burden to challenge, by affidavit or brief with sufficient specificity to give fee applicants notice, the reasonableness of the requested fee."[15] Deficiencies can include a failure to adequately support the rate claimed or unreasonable hours, such as hours that "are excessive, redundant, or otherwise unnecessary."[16] On a motion pursuant to Section 1447(c) in particular, hours can only be awarded if they were "incurred as a result of the removal,"[17] which does not include "substantive work on the underlying case coincidentally performed while a party was seeking remand."[18] Nevertheless, Section 1447(c) are not limited to "costs and attorney's fees incurred in a motion to remand," so other fees directly incurred as a result of the removal may be recoverable.[19]

## III. ANALYSIS

Plaintiff's fee petition falls short of his evidentiary burden, includes extensive unreasonable and unnecessary hours, and was submitted in violation of a Court

---

15 *Rode*, 892 F.2d at 1183 (citing *Bell v. United Princeton Props., Inc.*, 884 F.2d 713 (3d Cir. 1989)).

16 *Id.* (citing *Hensley*, 461 U.S. at 433).

17 *Mints*, 99 F.3d at 1259 (quoting 28 U.S.C. § 1447(c)).

18 *S. Annville Twp. v. Kovarik*, No. 1:13-CV-1780, 2014 WL 4793782, at *2 (citing *McCann v. PPG Indus., Inc.*, 448 F. App'x 421, 422 (5th Cir. 2011)) *aff'd*, 651 F. App'x 127 (3d Cir. 2016).

19 *Mints*, 99 F.3d at 1259.

Order and Local Rule.[20] For each of these reasons independently and cumulatively, the petition is denied in full.[21]

### A. Evidentiary Defects

Plaintiff supports his fee petition with a single affidavit from one of his own attorneys.[22] That is insufficient.[23] Even if the sole affidavit could meet the evidentiary requirement, it lacks adequate information to meet the standard of showing that the fees requested are reasonable. Attorney Frank Botta avers that "the fees charged are reasonable and customary in this locality for similar services for commercial litigation,"[24] but reaches that conclusion not by comparing his "own experience and skill" to "the rates prevailing in the community for similar services by lawyers of reasonably comparable skill, experience, and reputation,"[25] but rather by simply reciting the type of work completed between removal and remand.[26]

---

20 Notably, Plaintiff's motion only seeks attorney fees and does not actually request any costs. *Compare* Doc. 21 (Am. Mot. Br.) (requesting payment of "$14,850.00") *and* Doc. 20-1 at 15 (totaling $14,850.00 in attorney fees). The below deficiencies would not have impacted any request for relevant costs, which would have been awarded had they been requested.

21 I bypass the gatekeeping analysis required by *Martin*, 546 U.S. 132, because it is facially apparent that the fee petition is defective. If called upon to conduct that analysis, I would conclude that Defendants had no objectively reasonable basis for removing for the reasons set forth in the Remand Order. Doc. 15. Their argument that they read through the legal claims to the remedies sought and inferred that a federal claim was being asserted because the damages remedy was unavailable under state law is entirely unconvincing in light of *Mints*, which held that a similar argument for federal jurisdiction based on a plaintiff's attempt to recover federal ERISA benefits was "at best insubstantial." 99 F.3d at 1261.

22 Doc. 20-1.

23 *Interfaith Cmty. Org.*, 426 F.3d at 708.

24 Doc. 20-1 at 3-4.

25 *Loughner*, 260 F.3d at 180 (citing *Blum*, 465 U.S. at 895 and *Rode*, 892 F.2d at 1183).

26 Doc. 20-1 at 3-4.

Moreover, Attorney Botta bases his rate on his experience in the practice of "civil litigation," "contractual and similar disputes," and "commercial litigation"[27]—all disciplines that are distinct from the state constitutional/civil rights claims at issue in the merits of this case. And Attorney Botta is not particularly local: his practice is located near Pittsburgh, Pennsylvania, a significantly larger legal market which inevitably commands higher rates than this venue.[28] Accordingly, I am left with no way to compare Attorney Botta's rate to the rates of similarly experienced attorneys engaged in work like that of the instant case in this region, and therefore cannot determine whether his hourly rate of $430 is reasonable.

Even worse, the billing records reflect work performed by several other attorneys at varying rates, none of whom is even mentioned in Attorney Botta's affidavit.[29] Without so much as an acknowledgement that these individuals exist, I am entirely unable to analyze the reasonableness of the rates they are charging.

I cannot "make a finding of reasonableness based on [my] own 'generalized sense' of appropriateness, but instead 'must rely on the record.'"[30] Here, the party seeking fees has provided essentially no record: the sole affidavit from Plaintiff's own counsel includes no local comparators or even basic information about

[27] *Id.* at 3.
[28] *Id.* at 5.
[29] *Id.* at 8-15 (including time entries from Christine Pickett, Mark Sabados, Kelly Craig, and Jason Farrelly).
[30] *Cartagena v. Serv. Source, Inc.*, 328 F.R.D. 139, 144 (M.D. Pa. 2018) (quoting *Evans v. Port Auth. of N.Y. and N.J.*, 273 F.3d 346, 361 (3d Cir. 2001)).

Plaintiff's attorneys. I thus lack sufficient evidence to determine what a reasonable rate would look like. For that reason, the motions for fees are denied.

### B. Unreasonable Hours

In their opposition, Defendants identify numerous examples of excessive and redundant hours. Plaintiff does not engage with these enumerated issues, and instead simply restates the work done in general terms and asserts that it was "reasonable [and] necessary."[31] The Court agrees with Defendants' analysis.

For example, Attorney Botta regularly billed 0.20 hours for "review[ing] Notice of Electronic Filing by the Court,"[32] but, as any CM/ECF user knows, the "Notice of Electronic Filing" is an autogenerated email that contains little more than the name of a filing and a link to that document. Even if it is appropriate to bill for "review" of these entirely administrative notices, it is utterly unreasonable to charge for more than 1-2 minutes of time, let alone the 12 minutes at issue here.[33] Notably, Attorney Botta always billed separately for review of the actual document referenced in the notice.[34]

---

31 Doc. 27 (Am. Mot. Reply). at 12-13.

32 *See generally* Doc. 20-1 at 8-15.

33 *See Loughner*, 260 F.3d at 178 ("This court has held that in calculating the hours reasonably expended, the District Court 'should review the time charged, decide whether the hours set out were reasonably expended for each of the particular purposes described and then exclude those that are excessive, redundant, or otherwise unnecessary.'" (quoting *Pub. Int. Rsch. Grp. of N.J., Inc. v. Windall*, 51 F.3d 1179, 1188 (3d Cir.1995))).

34 *See* Doc. 20-1 at 9-10 (repeatedly billing separately for "Review Notice of Electronic Filing" and "Review" actual document); *id.* at 11 (same)

Other billing entries are similarly inflated. For example, Attorney Botta billed 0.30 hours to "Review Notice of Assignment of Case to Judge Brann and letter to Counsel" and 0.30 hours more to "Review Court Order regarding requiring the parties meet and confer . . ."[35] As Defendants correctly point out,[36] these documents are 1 and 2 pages, respectively, and are both standard issue communications regarding procedural housekeeping matters.[37] Collectively they take, at most, 4 minutes to review. Billing 36 minutes to review these filings is absolutely unreasonable.[38] Moreover it is not clear to the Court why it would be necessary for the highest billing attorney on the matter to review these documents; a junior associate could handle that task with no issue.

Defendants identify numerous other excessive or duplicative entries.[39] Plaintiff does not specifically respond to any of these contentions. I find Defendants' objections to all of these entries well-founded.

Additionally, much of the work submitted was clearly "substantive work on the underlying case coincidentally performed" while the matter was removed.[40] For example, researching opposing counsel,[41] working on stipulations for the

---

35 Doc. 20-1 at 10.
36 Doc. 26 at 17.
37 Docs. 2, 3.
38 *See also* Doc. 20-1 at 11 (separately billing 0.20 hours 6 times for nearly identical one-page waivers of service).
39 Doc. 26 at 18-19.
40 *S. Annville Twp.*, 2014 WL 4793782, at *2.
41 Doc. 20-1 at 8 (billing for researching "Township Insurance Attorney").

expungement of a warrant related to the dispute that is the subject of the litigation,[42] settlement discussions,[43] and reviewing continued efforts to negotiate the underlying issue with neighbors and the township's appeal proceedings[44] all bear no relation whatsoever to removal of this matter.

Accordingly, even if the requested rates had been substantiated, I would find that many of the hours submitted are unreasonable, excessive, duplicative, and unnecessary, and, in my "considerable discretion in determining the amount of fees and costs to award,"[45] would reduce the award so substantially that it would be essentially *de minimis*. For simplicity's sake, I deny the petition outright for this additional reason.

### C. Procedural Violations

In my Order permitting Plaintiff to file a motion for fees, I set a fourteen-day filing deadline.[46] Plaintiff's initial motion satisfied that deadline, but contained no billing records whatsoever.[47] To provide the necessary evidence, Plaintiff filed his Amended Motion on June 24, 2026—eight days after the fourteen day deadline.[48] In filing that motion, Plaintiff failed to abide by Local Rule 7.1's requirement that he

---

42 *Id.* at 9.
43 *Id.* at 12 ("conference call . . . re: issues with the township, permit issues, possible resolution").
44 *Id.* at 14.
45 *S. Annville Twp. v. Kovarik*, 651 F. App'x 127, 132 (3d Cir. 2016).
46 Doc. 15.
47 Doc. 16.
48 Doc. 20.

"s[eek] concurrence in the motion from each party."[49] So the Amended Motion, which all agree is the operative one, is both untimely and out of compliance with Local Rules.

Normally, I would be inclined to exercise my discretion to forgive these somewhat minor transgressions. However, considering that Plaintiff was only permitted to pursue fees thanks to a procedural misstep by Defendants, it is only fair that he be required to strictly adhere to procedural rules as well. Accordingly, I strike the Amended Motion as filed out of time and in violation of Local Rule 7.1. The initial motion itself is facially deficient, as it contains no accounting of the hours worked, and that motion for fees is therefore denied for this additional reason.

## IV. CONCLUSION AND ORDER

For the above stated reasons **IT IS HEREBY ORDERED** that:

1. Plaintiff's Motion for Attorney Fees (Doc. 16) and Amended Motion for Attorney Fees (Doc. 20) are **DENIED**; and
2. Plaintiff's Amended Motion for Attorney Fees (Doc. 20) is **STRICKEN**.

BY THE COURT:

*s/ Matthew W. Brann*
Matthew W. Brann
Chief United States District Judge

[49] Local Rule 7.1.